Kirkpatrick, C. J.
— The first reason assigned for the reversal of this judgment is that the justice over-ruled a certain witness produced on the part of the plaintiff, when by law he ought to have admitted the same.
From the return of the justice, it appears that the witness rejected, was one James Hughes, who was offered to prove thathehad heard the defendant say, that Ann Snyder, [*] a witness examined in his behalf, knew nothing about the controversy then depending before tbc Court. From tbis statement of the case, it seems to me the justice did right. The testimony offered was immaterial. The defendant might, with great propriety and great integrity say this, and yet from subsequent information, think proper to examine her.
The second reason assigned, is that the account set up by the defendant, by way of set-off, was a tavern account for. thirty pounds or more; that this account was objected to by *52 the plaintiff for that reason, but that the objection was by the justice, and the account admitted.
Woodruff, Attorney General, for plaintiff.
Though the objection does not appear from the record to have been made in a very formal manner, yet I think it was sufficiently so, for the justice to have taken notice of it. But it appears in the course of the proceedings, that the intestate, had leased a house to the defendant, in 1800 and 1801, at §200 per annum, that the defendant’s account for these two years, against the intestate, amounts to a sum, and that of this, many items appear to be on the tavern account; but much the greater part, for cash advanced, services rendered, and articles of produce and merchandize sold. The defendant being the greater part, if not the whole of this time, as appears by the account, in debt to the plaintiffs’ intestate, he could not from time to time call upon him for the payment of every small tavern hill, which he might have against him. The defendant being in debt, the liquors and other things furnished to the intestate, went for so much in payment. It was to him like paying as he went. Nor indeed from inspecting the items which go to the tavern account, does it appear that that account was extravagant. The furnishing of these items, therefore, to me to have been rather a payment of past debts, than a trusting or giving credit within the meaning of the act.(a)&emdash;The other reasons are not available.
In my opinion there must be judgment of affirmance.
Rosseit,, J.&emdash;Concurred.
[*] Pennington, J.-I concur in affirming the judgment.
Judgment Affirmed.

 Acc. 6. Halst. 283.-Ed.